The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez. All persons having any manner or form of business before the Honorable United States Court of Appeals for the Fourth Circuit are admonished to give their attention for the court is now sitting. God save the United States and this honorable court. Good morning. Good morning. Mr. Ware, you may proceed. Thank you. May it please the court. My name is Ken Webb. I represent John and Sandy Moore in an action pending in the United States District Court for the Northern District of West Virginia against Equitrans for breach of contract and trespass related to the placement and replacement of a high-pressure natural gas transmission pipeline. Pipeline designated H557. In 2015 we had a jury trial on the issue of trespass and breach of contract damages and actually obtained a verdict from a jury concluding that sections of the pipeline were trespassing across the Moore's property. A section that was initially laid in the 1950s or 60s was laid inappropriately on the Moore's and off an adjoiner's property and a section of pipeline that was replaced because it had corroded and pitted sections in 1996-97 time frame was also relocated off of the right-of-way and placed in another area on the Moore's property. The jury in 2015 heard all of this evidence and concluded that Equitrans pipeline was trespassing in those two distinct locations. According to the trial witnesses H557 is a 16-inch high pressure natural gas pipeline. Part of the trespassing pipeline was laid off of the right-of-way during initial construction. Part was laid off of the right-of-way during replacement or refurbishment. So this case is really a case about damages. It has become that. Well it has become that partly because of the way in which the trial process began. Tell me what sort of strategy led you to pursue that matter that you did initially where you didn't seek any instructions on intentional trespass and there was nothing at trial that emphasized intent or bad faith. So what was the strategy in doing that? Initially your honor the strategy was to seek an onerous damages issues that we're that we're into right now and so in my judgment early in the case it would be easier to resolve the case by getting an order requiring that the pipeline be ejected and moved. I thought that would present an opportunity for the Moores and Equitrans to negotiate a new right-of-way on the two areas where the pipeline was trespassing. You are correct your honor because we weren't focused on damages then we didn't have a special interrogatory that we put to the jury. So tell me tell me how does that work? Could you have gone for I mean could you have brought that matter to the court at the time on intentional trespass and sought damages along with an alternate remedy of perhaps of ejectment or in? Yeah at the time your honor there was mutually exclusive or whether or not you had to elect one of the other. There was quite a bit of urging on the part of Equitrans that we had to elect a remedy. I think they tried to they were pushing us towards damages I think because they they knew the law of damages at the time better than I did. So what would that mean practically in trying cases? You tried a number of cases. Are you saying that in these cases you get two trials you get to do you elect one and if you don't win on that one or if you don't get what you want you then can come back and ask for a different result or then move for damages in a different theory? You don't you don't get two trials typically your honor I understand that as a trial attorney. In this case there wasn't a waiver there wasn't an ejectment. The district court in several orders inconsistently ruled about whether ejectment was an appropriate remedy versus whether damages was an appropriate remedy. So while we were working the case up the district court said I think ejectment is an appropriate remedy. Had the district court said at that time Mr. Webb I'm not going to let you eject the pipeline we moved on to damages. We developed the damages case. It only became an issue. Ejectment only became an issue after we obtained a verdict for trespass and sent a judgment order to the court requiring ejectment. At that time Equitrans argued and the court adopted the argument and this was their argument. You're not entitled to ejectment because monetary damages may be an appropriate remedy and the court agreed and said it hadn't determined whether monetary damages was an appropriate remedy not going to let you eject the pipeline. So what's the effect of Equitrans consistently saying well you know you do this we're gonna we're gonna seek condemnation. What do you think the effect of that is in terms of seeking a remedy of ejectment? I think I think they should have filed a compulsory counterclaim any alternative for condemnation throughout the defense of the case. But they didn't have to is what I'm saying. You could you could pursue it and and yet they could still go for condemnation and they told you they were going to do that. Throughout the case they argued. And so what what do you think is going to happen if you pursue ejectment and and then they go for condemnation? Throughout the case they argued they weren't trespassing and they refused to concede they were trespassing so that they could condemn. Honestly and this was the subject of our first appeal I didn't think Equitrans had the power to use the Natural Gas Act to condemn because they already had a right away and so I didn't think they had any power to condemn. But those were issues that were yet to be determined and tried and litigated. Under the circumstances of the damages versus ejectment issue I don't think there was an effective intelligent knowing waiver. The district court never said we're not going to let you pursue ejectment. If that had been said clearly we've moved on to damages we to develop that case. And so that's the first assignment of error is under the circumstances. Okay can I just ask a clarifying question? So I think I understand your argument that there was no waiver. So the district court just in the in the order we're actually reviewing now the district court relied on waiver as to contract damages but not as to trespass damages right? So the whole waiver issue is is relevant only as to contract damages. That's my okay so okay so and you obviously know the case better than I do. But it seemed like when Equitrans moved to exclude contract damage evidence of contract damages it wasn't based on waiver. The motion was just a basic evidentiary motion. Look no actual evidence of contract damages has been identified in discovery. I understand the district court seems to have ruled kind of sua sponte on waiver grounds instead. But why is Equitrans not right? That waived or not there's nothing in discovery to suggest that there was an actual harm from the fact that the pipeline was a few feet over in the pasture from where it was supposed to be. I understand why there might be trespass damages from that but where are the compensatory contract damages from that? And where's the evidence of it in discovery? Right there is some evidence from Mr. Howe who testified about the system downtime savings which which may be a breach of contract damages. You may be able to recover under a breach of contract theory the costs avoided by the breach. And we've cited a northern district case on to that effect and that's the best we have on the breach. Okay okay so there is no evidence in the in the record from discovery of any sort of compensate any harm to the plaintiffs. Okay yes ultimately the case. Tell me about this Mr. Howe that you rely upon for information and what his level of expertise because I don't recall seeing any basic principles or assumptions pertaining to the downtown remedy during the deposition. We believe judge that the proper measure of damages is the reasonable rental value of the unauthorized use and not. I understand what you believe I'm focusing on Mr. Howe because his testimony seems to be a bit problematic to me. I'm not sure he's what he holds himself out to be and some of his testimony really is very concerning in terms of the level of the that he renders here unsupported. But you you just mentioned him there and I just want you to sort of give some basis as to why you think his testimony is something that you know should should influence the outcome here. He is he is the principal of pipeline equity. He has years of experience in evaluating, valuing, appraising pipeline systems for natural gas and other products. He also has experience negotiating on behalf of landowners pipeline right-of-ways in instances where the party seeking the right-of-way doesn't have condemnation power. So it's an in arm's-length transaction and so he's well versed at putting a value on a right-of-way and that's what we're using that's what we're hoping to use his testimony for to determine what a reasonable rental value is for the use the trespassing use of the property. He looked at and he had this information from Equitrans, the overall length of the pipeline H557, the little bit that was trespassing, the proceeds, revenues that Equitrans derived from its tariff rate for charging people to move gas on the pipeline and he looked at the period of trespass. Who was it that wrote most of his report? Looks like somebody else wrote. He has an associate that he did write some of the report but Mr. Howe was the testifying expert who testified about the ultimate opinions rendered in the report. He relied certainly he relied upon the information gathered by his associate. If I could just I could just get back on to the argument. The court, the district court goes to great pains to reinterpret the jury verdict by saying that in the district court's opinion there was no trespass. That the right-of-way agreement can be read in a different way so as to have a 50-foot width so the place in a replace for a renewed pipeline anywhere in that width was not a trespass. Counselors, Judge Harris, can I just I just I hate to interrupt you but this seems like another case where that was not the basis for Equitrans motion right this was again the district court kind of sua sponte coming up with this 25-foot theory but what Equitrans said was look we already had a liability trial like it's too late now at the damages phase to start talking about intentional trespass and bad faith trespass for the first time. So the motion was based more on sort of I guess a waiver theory which the district court did seem to adopt in its first order although I grant you in this in this latest order instead it came up with this new theory about the buffer zones but why isn't Equitrans right again in what it said in its actual motion which is just it's too late now to start talking about bad faith trespass. The evidence the allegations in the original complaint certainly alleged deliberate intentional trespass the evidence at trial Henry Reveille Allen some of the internal memoranda from Equitrans indicates that the line was moved off of the right-of-way for business reasons and and interests of the plaintiff. So I may have misunderstood I thought in your original colloquy with Judge Wynn you were more or less conceding look at trial we didn't do this because we thought we were going to get ejectment and we weren't worried about damages at that point but now you're saying actually a trial you did try the issue of bad faith trespass. We did. And where did where did that arise for you to be able to do that where did you state in your complaint anything about bad faith or willfulness? It's it's we've cited this in our brief but in several places with respect to the trespass allegation it's alleged to be intentional deliberate. In your complaint? Yes. In your complaint? What is the language? I don't recall seeing anything in your complaint to that effect. Yeah just just using those words in the paragraphs describing the trespass intentional deliberate and then the evidence at trial supported that as well. Mr. Webb basically your theory was that it was bad faith because they knew they were in the wrong place? Yes yes. Is that the extent? They didn't want to have to go back to the Moors to require to acquire an easement and so they just moved the pipeline off of the right-of-way without telling the Moors and then also at trial the Moors testified that when they questioned Equitrans about the location of the replace line they were always told it's on the right-of-way and so they were misled in some extent. This is a hilltop in West Virginia. You wouldn't have a reason to go up there and observe the construction. It's a ridgetop. It's at the top of the field. Counsel just like your position is that you state a claim for bad faith trespass under West Virginia law so long as the trespasser knows it's not his land. I thought more was required than that. I didn't I thought it required more than you actually know you're not supposed to be there. I thought you had to do it with an intent to take an unconscientious advantage of your victim. That's not you think it's enough just if you know it's not your land. I think they did take an unconscientious advantage of the Moors by relocating the pipeline not telling them and not seeking a new right-of-way. I understand that you think so but did you allege that in your complaint? We allege deliberate and we didn't allege those facts specifically. I've got I've got three other assignments of air that I want to touch on briefly if I may. I see that my time has expired. Okay just briefly we also think the District Court aired by concluding that without house testimony there was no evidence of damages that the court was not aware of other evidence in the record because no motion for summary judgment was pending. We have evidence from Equitrans witnesses who we deposed and got documents from about what they pay to acquire right-of-way when they can't condemn it and about what they pay to rent pipeline facilities and that is in the record and that is evidence of damages. We also have evidence of a cell tower lease on the adjoining Ridge that has some surface value which would be a measure of damages. Again we think the proper measure of damages is the reasonable rental value of the which gives a tortfeasor private right of inverse condemnation which we think is is unjust and not the law in West Virginia. For all of those reasons we would ask that the District Court's order be reversed and that the matter be remanded so that the Moore's can get a trial on damages. Thank you. Thank You I'm not very good at this Zoom stuff I apologize. May it please the court my name is Dave Hendrickson I represent Equitrans in this appeal. As you've heard this case started over a FERC regulated pipeline that was repaired and when it was repaired two pieces of the new sections were placed to the side of the old pipeline outside the existing right-of-way. Equitrans predecessors had a right-of-way to enter the land and operate and maintain this pipeline. The right-of-way has existed since the 1960s and runs through steep hillside land that has always been used for a pasture. The Moore sued Equitrans for breach of the right-of-way agreement and trespass in her complaint in 2012. When the case was tried in 2015 plaintiffs only tendered witnesses on the counts of trespass and the breach of the right-of-way agreement. They offer no evidence on damages and only sought the remedy of the objection. The jury found two sections totaling 624 feet of the pipeline were placed outside the existing right-of-way. After the condemn the property. During this process circuit court stayed the current action. A trial was held to set just compensation for the condemned property and a jury returned a verdict for $5,000 although our expert testified that was worth $800. I suppose you waited until after the trial to seek condemnation but what was the reason for that? Because we didn't think that we were could proceed with condemnation at that point in time your honor because we believe that we were still in the right-of-way and so until we found out by a jury verdict or otherwise we weren't out inside the right-of-way which we still believe we were inside right away even after the verdict we didn't we didn't think we had a basis for condemnation but we did make it very clear your honor through the entire process that if the jury were to rule that we were trespassing that we would seek condemnation that was never an understand you have a right-of-way and the allegation is that you're 15 feet off of it and you're saying you that's okay that you were given that opportunity you could go 15 feet off is that your contention? Your honor if you when you look at the deed the deed wasn't very artfully drawn it mean it was drawn back in the back in the 60s and I'm not condemning the lawyers from back then because there are a lot of good lawyers back in the 60s but today they're a little more tight the deed actually says it that there's a 25 foot section on each side of the pipe that you're you can't build on so we thought we had access to put the pipeline next to the old pipeline as opposed to just tearing the old one out stop it put the new one in primarily an economic decision to some extent wasn't it I mean you were able to use the old one sure while you put that one in and well just let me probably I just want to know the matter of curiosity if you have any easement and the easement conveys what you appear to say at least some ambiguity as to whether you can do it how is that resolved in favor of the person holding the easement or of the person who gave it? I mean what's the presumption? It would seem like it would probably be in favor of the person that gave the easement. I would assume your honor. That's what I would think. Yeah that's right. I'm sorry I apologize. If that's so and then you have reasonable interpretation both ways and they're 15 feet off why wouldn't it be presumed you are trespassing because this deed doesn't clearly convey to you that you can do this well first of all we weren't 15 feet off on every section we're 15 feet off in some places okay we didn't know at the time we're all 15 feet second of all you just answered your own question we couldn't presume we had to know and we felt and that's why we tried the case we felt that the pipeline was within side of the right-of-way that still existed at the time jury found otherwise and once they did we moved to condemn the property so you equated the prohibited area to the owner as part of your ability ability to put the pipeline in yes your honor yes your honor that well that's pretty far from what law of realty and servitudes on property no I don't think so your honor I mean when you look at a lot of these oil and gas pipeline right-of-ways that are granted there's always a setback on both sides and the reason for that is a couple things one is to get in there and maintain the pipe so you can maneuver around and number two is if you ever have to move the pipe a little bit for whatever reason you got room to do that and so that's not I don't think I don't think it's contrary to existing law did you give the owner notice that you were taking that broader interpretation well the first section of pipeline your honor that was actually found to be outside the right-of-way was done back in the original pipeline so I don't know what happened back in the 60s and that when that pipeline was put in the second piece and then again picture a very rural sectional West Virginia way up on the mountain I don't think they did I think they went in to repair it because they had the right to go and do it and that's what they did did they actually say to them hey we're moving it from here to there I don't think so so do you think council tonight go ahead just to finish I thought if I could please judge during the trial mr. Moore said he did know about the replacement mrs. Moore said she didn't because there was an issue that came up about statute of limitations and and and prospective easement mr. Moore said he did know about it she said she didn't under the law of West Virginia both parties husband wife have to know before the jury can rule in favor of statute of limitations yes ma'am I'm sorry judge Harris judge it's judge Harris it's judge Harris thank you judge Gregory this issue about whether there was in fact a trespass given the 25-foot buffer zones which is probably not the term of art in the order we're actually reviewing it appears that the district court effectively adopts that position which would mean I think that the jury was wrong at trial so what do you want us to make of the part in the current order where well after the jury appears to have rejected this theory that it pops up again because the district court says well there can't have been any bad faith trespass here because you were entitled to move the pipe anywhere within that 25-foot easement the judge on remand is allowed to look at the total record as it stands he looked at the total record for example the remand said what they wanted the judge to do was to clarify the earlier order and remember now this judge Bailey clarifying an order by judge stamp who retired and so what judge Bailey's allowed to do is go back and look at the entire record to see what's in that record these folks were trying to once again move to amend their trespass I find it ironic that they said they pled it in the earlier in the earlier complaint which they didn't and then twice afterwards they try to amend their complaint to add so what judge Bailey was looking at when he looked at that section wasn't to say the jury was wrong what he was saying was I see why they thought they had the right to do that it was an innocent trespass in other words it's trespass but it's an innocent trespass doesn't mean tell me about this tell me about this innocent trespass it you say you got up to 25 feet on each side and you can put that pipe somewhere I guess within 25 feet on each side which when you add it together yes 50 feet across you put it over 15 feet what happens then have you moved over that 25 feet another another 15 feet so now is 40 feet from the original Senate line and on one side and then the other I mean it looks like to me you keep doing that you could actually put that pipe at right at 24 or 25 feet and they spend another 25 feet into the property you're on that work that doesn't seem that that doesn't seem to follow to me at all it's one thing to have the buffer of 25 feet which simply says you can't use property or you can't do anything on this or you know you can't dig and do things like that it's another thing to come in the purpose of your easement which is right down the center says 25 feet from that Center and you move it 15 or more and then if you read that deed then 10 years later you gonna say well we got 25 more feet we can move it over and then you keep doing it so what where how does that follow that doesn't seem to follow to me at all I got the 25 feet but I don't see how you reasonable believe you could put a pipe 15 feet from the center line if you think you've got 25 feet on each other on original deed unless you think that 25 feet just remains constant but the D doesn't read that way well first of all your honor on the on the first section that they found there was a trespass again that pipeline was placed I guess off the easement from the very beginning so I don't know what happened there let's just deal with let's just deal with what we are you got some variations of whether it was 25 or 15 feet or or off the center I'm just dealing with just a general statement that you believe that even if you placed it 15 feet from the right to do so and it wasn't a trespass given a consideration at all doing so you necessarily now have moved that that 25 foot line over another 15 feet well your honor when you do this on one side I'm sorry apologize but at least on one side but go ahead no what I was gonna say when you look at the when you look at the way this deed was written it was in meets and bounds and so isn't as exact as some of the deeds are today and so to say that it was exactly 15 feet or 3 feet or 2 feet is really hard to say and so all I'm saying is is when judge Bailey took a look at this in order to make his decision as to whether I was an innocent trespass or versus a willful or intentional etc type then he looked he looked at that and said look you know you had 25 feet on both sides there and and clearly they were they thought they had the right to do that and so that's what was tried in front of jury the jury said no you didn't and the jury said we were wrong and so they counsel counsel can I just interrupt so the district court as you described it does make that judgment but in your motion to exclude evidence of intentional or bad faith trespass that's not the ground you relied on you just said this is wave like they had to wait raise this if they wanted to litigate this they needed to litigate it at the liability phase it's too late to do it for the first time at this damages phase so I guess I understand why you're defending the district courts reasoning on this but you don't need it to prevail right it wasn't even your argument before the district court judge no no we don't the reason I just because I understand the one judge brought it up I just want to make sure I understood this is not an argument you made to the district court no in 2012 they filed their complaint 2015 we litigated the case to verdict we they didn't offer any jury instructions on intentional intentional trespass willful trespass anything that in the early damage they saw it was a gentleman and so we tried that case and the jury came back with a verdict after the case was tried we went ahead and and filed the motion for condemnation and we won that that came up on appeal to this court this court affirmed the condemnation case and we went forward and so after that when we went back judge stamp said we want I want to have a status memorandum from both sides and we did that and when we submit our status memorandum the plaintiffs wanted to amend their complaint to add willful trespass judge stamp said no and he dismissed their case saying that it was futile they didn't couldn't prove any damages and so let me ask you a follow-up if you just assume hypothetically for a minute that that I agree that the it was too late in the day to raise intentional and bad-faith trespass and also just assume for a moment that I agree with you that the Howell report has to be stricken because the damages calculation is inconsistent with West Virginia law that doesn't that still leave a question as to whether there is some evidence of a property value based damages for trespass in this case that the district court just sort of jumped ahead and Sua Sponte said never mind we're all done here I'm issuing judgments Sua Sponte I'm concerned about that last piece of it what that the plaintiffs here were never on notice from this motions and limiting practice that they needed to prove up right now demonstrate their calculation for trespass well first of all if I could go back when judge Bailey issued his order that we're going to have a trial on damages for breach of contract and trespass we obviously didn't agree with that we because you're this your court you all asked the judge to clarify the earlier order and so we thought he stepped outside the bounds and doing that but we went ahead and said okay they didn't put on any evidence of the damages that you're you didn't move but with respect to contract damages you said exclude all damages all contract damages any evidence of contract damages because they haven't shown any in discovery but there was no comparable motion over on the trespass side so I don't see how they were on notice on trespass as they were on contracts that look if you've got anything on damages bring it forward now the judge told them that in this order and second of all because the judge excluded mr. Howell who if you read his transcript it would be a fascinating reading for your honor but he when they excluded mr. how there were they had nothing left they didn't put forth any damage issue that the judge could help us out on there's nothing left mr. they say well well they say they did they say there is evidence in the discovery after discovery there's evidence in the there's even and I think an equitrans witness who said okay maybe $700 that there's something in the record and now we're left to review it I mean there's no summary judgment record for us to review because this was all done sui sponte no one moved for a judgment the motions in limine did not say exclude all evidence I just feel like there's a last step here that the district court didn't do there was no actual summary judgment record on this issue your honor if you go back and look at what the judge was asked to do he's asked to clarify the order why judge stamp had ruled that their their their damages was to prove damage was futile he went one step further and said okay we're gonna give you an opportunity now to put forth your damages on trespass according to law in West Virginia and on contracts breach contract they put on no evidence on breach of contract so that's out on the on the trespass part they didn't put on any evidence there either because what they tried to do is hit a home run by bringing in mr. Howe to put a value on the the pipeline and the oil and gas and went through it which is totally contrary to West Virginia law to the tune of 2.2 million dollars and so when the judge dismissed mr. Powell stuff what were there left was they said oh well by the way there's a cell tower up here that's being rented that that they get X number of dollars a year for well that has that's not comparable to what the property is here and it's that's outside the law in West Virginia the other piece of evidence they want to point to says well equitrans in the past in other areas has paid X dollars for a right-of-way again it's not comparable it's not it's not you're not maybe or maybe not but what I am missing is a district court ruling on that point like there's just that just seems like a lot for us to decide given that there was no motion for summary judgment we're the the parties would be expected to list out the undisputed facts like none of that happened here on these issues that you're talking about because the district court's sua sponte decided to jump ahead on summary judgment and you're not supposed to do that unless people are on notice the judge has the power to do thing do that especially yeah but he but he is bound by the rules of civil procedure that's what judge Harris is going here on this you got a notice to the other party and you got to give an opportunity to be heard here and what happens I mean all well and good of what you're saying but the court can't just take it over you know allow an amendment for damages or whatever the complaint and then all of a sudden convert a motion and eliminate without any opportunity in the record of the other party being heard or notice or anything and says summary judgment you know and decide you know I just don't understand how we get to that point judge Harris has pointed out you know in under the rules of civil procedure that doesn't seem right I mean at least procedurally you should at least allow for notice and allow an opportunity to be heard where is that provided here your honor let me ask that was that provided in your view here to yes to the yes tell me how first of all again I go back to the fact that this court told the judge to clarify why he granted the motion earlier to dismiss the case judge Bailey took it a step further I thought I lost you there sorry much screen went blank judge Bailey took it a step further and said I'm gonna give you another bite at the apple I'm gonna let you prove any damages you have for breach of contract that were pledged in 2012 and for trespass that were pledged in 2012 and tried in 2015 he gave them so he allowed them to amend and once that did it changed the nature of what you were dealing with and then the rules of civil procedure once you get the amendment in it's not exactly what we sent back it's different isn't it well he didn't allow it to amend what he did was he said okay I'm gonna say he did or did not allow them to amend he didn't allow them to amend their point okay he did not allow me to do that what I meant was was that he went back and said okay I'm gonna once again give you a second bite of the apple and let you attempt to prove damages even though they elected the ejectment remedy before and if you look back on the record they put no evidence in that the big first trial of damages at all and the reason for that is very simple your honor when you really look at it and boil it down you know why they didn't put any what this is that was an attempt to hold a pipeline company hostage by trying to build up damages that aren't permissible and allow one to what so when you when you say when you say it didn't allow to amend fair that that's fair enough but he did let he did read that complaint to say they had pledged the damages and then he also referred to to them in the process of doing that so so I mean why is why does it not change to change the game so to speak once he does that he says they haven't waived it sorry your honor I apologize he said he said they didn't waive it and so so why does it not change the game the whole point here is there seems to be a procedural step not a question whether who wins or does not win but to go in on a motion to eliminate end up with a sua sponte summary judgment on a matter in which you say there's notice but I this the judge makes this ruling that okay your complaint does plead this you haven't waived it you and then you proceed to then move forward you don't know this until the judge actually rules on it then that I mean what is the notice you got that now I'm gonna go ahead and proceed with summary judgment judge when you're a trial lawyer the judge sets the parameters for what you're supposed to be trying correct and that's what he did here he's bound by the parameters of the rules of civil procedure whether you're a trial lawyer judge or appellate judge is the law and so you know when you're dealing with my point is not going in terms of other nuances of trial I realize trials can change up and you have different ways to go but but the basic principle of notice and opportunity to be heard is embedded in the rules and you know that so so that's what I'm asking you to to address why once the judge makes this determination that okay you plant damages you didn't waive them then you move into summary judgment where's the notice and opportunity to be heard the notice not to is there your honor because he was there on notice of the fact that he wanted them to come forward it's not our obligation to come forward with the proof it's their obligation to come forward with the proof and when he looked at the record as a whole after evaluating our motions limiting there's absolutely no proof in the record of damages on contract breach of contract I breach of the right-of-way or on common law trespass damages in West Virginia and that's why he ruled the way he did and so to file motion summary judgment counsel judge Harris I think I don't want to repeat myself but let me try just one more time on this notice question as to contracts I do I think I understand what you're saying your motion and limiting did say exclude all evidence of contract damages because there's nothing like that in the record and I can at least see an argument that that would be sufficient to put the plaintiffs on notice if you've got contract damages come forward now but you did not file a similar motion over on the trespass side there wasn't anything saying look there's no evidence in this record of any trespass damages at all you did say no damages for bad faith and this howl thing 2.2 million that's out but you didn't take the final step you didn't file a motion that said and given that there's nothing in this record on any kind of trespass damage so I just I guess maybe my question is why not if you think it was so clear why didn't you file the same kind of motion you filed on the contract side on the trespass side that maybe would have put people on notice but you didn't do that your honor they have relied so heavily on mr. how mr. how was there their witness that was going to come forward and prove their damages we took his motion limiting to exclude mr. how and when mr. how was excluded we thought that was the end of the damages we didn't think we needed to file another motion limiting to say any other any other trespass damages because there wasn't anything left and that's why the judge ruled the way he ruled all right thank you counsel thank you your honors I apologize for running over let's just you were answering questions you don't need to apologize mr. Webb brief briefly we didn't get any notice about a summary judgment motion that attempted to argue that there was no evidence in the record on any you just you just heard the answer that mr. Hendrickson gave to judge Harris regarding why they didn't bring a separate motion to deal with the damages of trespass he said because you had relied so heavily on mr. how and when he was excluded you just didn't have any evidence there certainly your honor mr. how was one component of the trespass damages but we also developed testimony from the witnesses for what they pay what equitrans pays to acquire rights of way or what they pay to rent the use of pipeline facilities and those are measures of damages those are measures of the reasonable rental value to transport gas across a facility that you don't know in the case of the sunrise pipeline and the Allegheny Valley connector pipeline equitrans pays five dollars and eighteen cents per foot per month to transport gas across those pipelines and so that's evidence of what would you pay or what would be the reasonable rental value of using 700 feet of the moors property that's an easy calculation to make and so that evidence is in the record I don't think the district court judge knew about that evidence because that wasn't the subject of a motion in limine had we been presented with a motion for summary judgment asserting or alleging or somehow we couldn't point it to that evidence in the record in response and say no that's incorrect here's the evidence and so it also we had the evidence of the cell tower value I just don't think the district court judge knew about the evidence because it wasn't the subject of a motion in limine and nobody filed a motion for summary judgment so we didn't have an opportunity to marshal our facts in opposition to a motion for summary judgment to show no there is a material dispute about the fact of damages and here's the evidence that we can marshal that supports our allegation that we've been damaged on the trespass claim and so we can I just ask you a factual question something from the record that I didn't fully understand so in talking about this the district court says that the that your clients have said they don't want to testify they're not going to testify about their own subjective valuation of the land which would be admissible under West Virginia law but they said they're not going to do that I just couldn't find there's no record site and I couldn't find it can you tell me where that is in the record it may be in John Moore's deposition transcript okay I you know I would concede that the Moore's he's mr. Moore's a farmer and mrs. Moore works as a secretary to an reasonable rental value is of trespassing high-pressure natural gas distribution pipeline and so he mr. Moore can testify about what he what he paid for the farm or what his dad paid for the farm or what an acre of farm pasture lands worth but we don't think that's the appropriate measure this is a subterranean trespass and so we don't think that the Moore's are qualified to give an opinion about the value of the unauthorized use of the property we think we get that evidence in through how and we get it in through equitrans witnesses who are in that business and who purchase right away or rent right away when they don't otherwise own it we think that's the best evidence the most reliable the most applicable evidence of what a reasonable rental value is for equitrans unauthorized use of the Moore's property for 25 years it's a substantial do I understand you to say that the Moore's couldn't testify as to how they believe their land was damaged they can't they can testify about the fact that there was a trespass that the line was there improperly but they can't testify about the reasonable rental value of the unauthorized use but they how did you conclude or at least come up have a theory that your damages for trespass in large part would be how much money they were making in the transportation of natural gas through there right away on that pipeline how did you it's just trying to figure out what a reasonable rental value of the you see is I think the best evidence of that you're in common law courts and you're trying to restore figure out what's your damaging how did you conclude that your damage constituted their profit their profits it's we're not asking for a disgorgement of profits we were only asking for a reasonable rental value of the use if with this were a disgorgement of profits case your the amount of damages would be astronomical the 25-year use of this pipeline to transport gas it produces billions of dollars of revenue we've only asked for a very small slim slice of that based upon the use of 700 feet of a trespassing pipeline that's 17 miles long we've taken into consideration the operations of the pipeline over the 25-year period and so it really is just a use-based rental calculation and not a disgorgement of profits or a disgorgement of all benefits so so your theory no not theory but the evidence she said that was left over and the questions that judge Harris and judge Wayne razor perhaps but I think correct in terms of there was no summary judgment motion it was just a motion eliminated in suit spontane and when you got that other than just appealing the case to her yeah we just decided to appeal we were we were blindsided by the what about a motion for reconsideration of the Swiss Ponte dismissal we did not do that yeah we did not we did not but you would agree it was awkward when someone you do that I'm sure you were surprised we were that's all I have no further questions all right no thank you well thank you you both very much we can't come down and greet you like we would in our normal tradition of the Fourth Circuit but no nonetheless we very much appreciate you being here appreciate your helping us on these in this case and wish you well and be safe thank you thank you your honor to appreciate absolutely thank you now take care
judges: Roger L. Gregory, James Andrew Wynn, Pamela A. Harris